## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## CIVIL MINUTES

| | | | |
|---|---|---|---|
| **Case Title :** | Angela Christine Malone | **Case No :** | 15–29137 – E – 13C |
| | | **Date :** | 9/7/16 |
| | | **Time :** | 10:00 |

| | |
|---|---|
| **Matter :** | [33] – Motion/Application to Dismiss Case [DPC–1] Filed by Trustee David Cusick (jgis) |

| | | | |
|---|---|---|---|
| **Judge :** | Ronald H. Sargis | **Courtroom Deputy :** | Janet Larson |
| **Department :** | E | **Reporter :** | NOT RECORDED |

**APPEARANCES for :**
**Movant(s) :**
None
**Respondent(s) :**
None

MOTION was :
Granted
Case dismissed
See Findings of fact and conclusions of law below

Local Rule 9014–1(f)(1) Motion – No Opposition Filed.

Correct Notice Provided. The Proof of Service states that the Motion and supporting pleadings were served on Debtor, Debtors Attorney, and Office of the United States Trustee on August 9, 2016. By the courts calculation, 29 days notice was provided. 28 days notice is required.

The Motion to Dismiss has been set for hearing on the notice required by Local Bankruptcy Rule 9014–1(f)(1). The failure of the respondent and other parties in interest to file written opposition at least 14 days prior to the hearing as required by Local Bankruptcy Rule 9014–1(f)(1)(ii) is considered to be the equivalent of a statement of nonopposition. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Further, because the court will not materially alter the relief requested by the moving party, an actual hearing is unnecessary. See Law Offices of David A. Boone v. Derham–Burk (In re Eliapo), 468 F.3d 592, 602 (9th Cir. 2006). Therefore, the defaults of the respondent and other parties in interest are entered. Upon review of the record, there are no disputed material factual issues, and the matter will be resolved without oral argument. The court will issue its ruling from the parties pleadings.

The Motion to Dismiss is granted, and the case is dismissed.

The Trustee seeks dismissal of the case on the basis that the Debtor is $2,452.00 delinquent in plan payments, which represents multiple months of the $1,876.00 plan payment. Failure to make plan payments is unreasonable delay that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1).

Cause exists to dismiss this case. The motion is granted, and the case is dismissed.